IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

LINDA ALLEN,

        Plaintiff,

v.                                                                    No. Civ. 14-0059 JCH/RHS

THE CITY OF ALBUQUERQUE,
MAYOR RICHARD J. BERRY,
in his official capacity as Mayor of Albuquerque,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On October 27, 2015, Defendants The City of Albuquerque and Mayor Richard J. Berry ("Defendants") filed a Motion to Tax Costs and Award Attorneys' Fees (ECF No. 45). The Court, having considered the motion, briefs, evidence, relevant law, and otherwise being fully advised finds that the motion will be granted as to costs but denied as to attorney's fees.

### I.    BACKGROUND

Plaintiff Linda Allen ("Plaintiff") filed a complaint for damages, alleging race discrimination under 42 U.S.C. § 1981 (Count I), violation of equal protection under 42 U.S.C. § 1983 (Count II), breach of contract (Count III), and retaliation in violation of Title VII (Count IV). Mem. Op. and Order 16, ECF No. 43. This Court subsequently entered a 40-page Memorandum Opinion and Order granting summary judgment to Defendants on all Plaintiff Linda Allen's claims. *Id.* at 40.

Defendants filed a motion for costs and attorney's fees under Federal Rule of Civil Procedure 54(d)(1) and (2). Defs.' Mot. 1, ECF No. 45. Defendants seek taxable costs in the

amount of $1,545.04 and attorney's fees in the amount of $52,028.50. *Id.* Defendants assert that, because they are the prevailing parties and Plaintiff lacked a good-faith basis with which to assert discrimination and retaliation, the Court should impose attorney's fees against Plaintiff under 42 U.S.C. § 2000e-5(k) and § 1988(b)-(c). Defs.' Mem. 2-3, ECF No. 46.

## II. ANALYSIS

### A. Costs

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party should be awarded costs. Fed. R. Civ. P. 54(d)(1). Rule 54 "makes the award of costs presumptive." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1204 (10th Cir. 2000). Under Section 1920 of Title 28 of the United States Code, a court may tax costs on the fees of the clerk, transcripts necessarily obtained for use in the case, copy fees where copies were necessarily obtained for use in the case, and docket fees. 28 U.S.C. § 1920; *Mitchell*, 218 F.3d at 1204 (stating that 28 U.S.C. § 1920 authorizes recovery of costs for depositions reasonably necessary to litigation of the case). Defendants request $1,545.04 in costs, and Plaintiff does not object to the imposition of, or the amount of, the requested costs. The Court, having reviewed the evidence, will grant Defendants' motion as to the award of $1,545.04 in costs in favor of Defendants and against Plaintiff.

### B. Attorney's Fees

Although ordinarily each party must bear its own attorney's fees, Congress authorized the courts to award a reasonable attorney's fees to prevailing parties in civil rights litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citing 42 U.S.C. § 1988); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415-17 (1978) (addressing attorney's fees under Title VII). A prevailing defendant in a civil rights suit brought under Title VII or Section 1981, "may

recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley*, 461 U.S. at 429 n.2; *see also Christiansburg*, 434 U.S. at 421 ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.). This standard is difficult to meet, such that it is the rare case that is sufficiently frivolous to justify imposing attorney fees on the plaintiff. *Mitchell*, 218 F.3d at 1203. Dismissal of claims on a motion for summary judgment does not automatically warrant a fee award. *Id.* "A complaint is frivolous where it lacks an arguable basis either in law or in fact." *Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944, 949-50 (10th Cir. 2011) (alterations and internal quotation marks omitted).

The evidence here does not demonstrate that Ms. Allen brought suit for the purpose of harassing, annoying, or embarrassing Defendants. Although this Court determined that Plaintiff's claims did not survive summary judgment, as evidenced by the 40-pages of analysis required for the disposition, the Court concludes that her claims were not sufficiently frivolous or clearly baseless to justify imposing attorney's fees.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Tax Costs and Award Attorneys' Fees (**ECF No. 45**) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendants' request for an award of costs against Plaintiff in the amount of $1,545.04 is **GRANTED**.

2. Defendants' request for an award of attorney's fees against Plaintiff is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**